# IN UNITED STATES DISTRICT COURT
# FOR NORTHERN DISTRICT OF ALABAMA
## Southern Division

| | |
|---|---|
| Laura Snyder, individually and on behalf of similarly situated employees. | ) ) ) |
| Plaintiff. | ) ) |
| vs. | ) ) ) |
| The Habitat Company of Alabama, LLC And The Habitat Company LLC. | ) ) ) |
| Defendants. | ) |

Case No. 2:17-cv-____-_____

## COMPLAINT

### Jurisdiction and Venue

1. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, 1332, 1343(k), 29 USCA § 206, 207, 216, et seq., 29 U.S.C. § 1132 and/or by the provisions of 28 USCA § 1337, relating to any civil action or proceeding arising under any Act of Congress regulating commerce.

2. This is a suit authorized and instituted pursuant to §§ 201- 219, et seq., as amended (29 USCA §§ 201-219) of the Fair Labor Standards Act (hereinafter "the FLSA" to recover unpaid wages, liquidated damages, attorney fees, pre-judgment interest, costs, expenses and all other damages that the Plaintiff is entitled to under the FLSA.

3. The jurisdiction of this Court is invoked to secure protection for and to redress the deprivation of rights secured by the FLSA for injunctive and other compensatory relief.

4. The Defendant managed several apartment properties in Jefferson and/or Shelby County, Alabama. The Plaintiff and other similarly situated employees worked at one of the properties located in Jefferson and/or Shelby County, Alabama. Venue is proper in the United States District Court of Alabama, Southern Division.

### Parties

5. The Plaintiff, Laura Snyder, is an adult citizen of the United States and a resident of Jefferson County, Alabama.

6. The Plaintiff brings this lawsuit in her individual capacity and on behalf of similarly situated employees.

7. The Defendant, The Habitat Company of Alabama, LLC, (hereinafter "Habitat AL") is an Illinois Limited Liability Company that was/is registered to do business in Alabama.

8. Based upon information and belief and counsel's review of Illinois Secretary of State records, The Habitat Company LLC (hereinafter "Habitat") is the sole owner/member and/or manager of Habitat AL.

9. When used collectively, the term "Defendants" refers to both Habitat and Habitat AL.

**Facts**

10. At all relevant times herein, the Plaintiff and similarly situated employees were employees, as defined by the FLSA, for the Defendants.

11. The Plaintiff worked as a leasing consultant/agent while employed by the Defendants and was paid an hourly rate as a "non-exempt" employee.

12. The Defendants had a strict policy that the Defendants' non-exempt office employees were not to work overtime without approval.

13. The non-exempt employees were instructed, per management, that employees would be fired if they worked overtime without going through a process to have overtime approved.

14. The Defendants knew, through local managers and the nature of the business, that they were understaffed and that the Plaintiff and similarly situated non-exempt "office" employees (leasing consultants, leasing "managers," assistant "managers," etc.,) had to work "off the clock" by coming in early, staying late and/or working on weekends.

15. The employees were advised that they would be fired if they worked overtime without obtaining authorization and permission from management.

16. Because the Plaintiff and other similarly situated employees' jobs required more than 40 hours to do properly and to avoid being written up and/or terminated for not doing their job properly, the Plaintiff and other "office" employees would consistently and repeatedly work "off the clock" by coming in early, staying late and working on weekends.

17. The Defendants knew and/or should have known that the Plaintiff and other similarly situated employees were not able to complete their work in a "40 hour work week" and that the Plaintiff and other similarly situated employees were working early, late and/or on weekends.

18. In addition to the "office" employees, the Defendants exhibited a pattern if willfully violating the FLSA when the Defendants illegally, willfully and unlawfully classified four of the Defendants' "maintenance supervisors" as "exempt" employees and paid them all a "salary."

19. The maintenance supervisors were working 60 to 70 hours per week for the Defendants because the properties were understaffed and as a result of major renovations to the apartment complexes and units.

20. The "maintenance supervisors," pursuant to company policy, complained to the property manager(s) and/or the regional manager(s) about working in excess of forty hours per week and not being paid overtime.

21. Sheryl Stoffregen, the regional manager over five of the properties, relayed, on numerous occasions, the complaints of the maintenance employees similarly situated employees to Habitat's HR Director and her direct supervisor, Ted Verner, a VP with Habitat.

22. Ted Verner was "official" regional manager of two of the properties in question but Ms. Stoffregen had to assume the actual responsibilities of the two properties because VP Verner was located in Chicago and did not perform the job of regional manager.

23. In addition to reporting the maintenance employees' complaints to the Defendants, Ms. Stoffregen also advised the Defendants, the Defendant's HR Director and VP Verner that the Defendants were not in compliance with the wage and hour laws and that the "maintenance supervisors" should be paid overtime.

24. The four maintenance employees were improperly classified as an "exempt" employees by the Defendants pursuant to the FLSA and were paid a "salary" for a period of time. The exact dates are unknown at this time because the maintenance employees did not retain their paystubs and the Defendants have failed to provide counsel for the four employees with the requested payroll documents as of the filing of this Complaint.

25. The maintenance employees worked 60 to 70 hours per week while they were improperly paid a "salary."

26. At some point in time, Defendants properly changed the maintenance employees from "exempt" to "non-exempt" and began to pay them employees by the hour.

27. While the Plaintiff being working in excess of forty (40) hours per week, the Defendants failed to pay the Plaintiff and similarly situated employees for the hours they worked in excess of forty hours per week.

28. The Defendants' failure to pay the Plaintiff and similarly situated employees overtime wages was done willfully and/or with reckless indifference.

### Count I: Fair Labor Standards Act Violations

29. The Plaintiff incorporates by reference the preceding allegations of this Complaint.

30. The Plaintiff and similarly situated employees worked in excess of forty (40) hours per week and were not paid overtime pursuant to the FLSA.

31. For the time period that the Plaintiff worked in excess of 40 hours per week, the Defendant is liable under the FLSA to pay the Plaintiff and similarly situated employees one and one-half times his hourly rate for the hours they worked in excess of 40 hours per week.

32. Other "office" employees would also work "off the clock" because they were not able to complete their work in a forty hour work week.

33. Based on the foregoing, the Defendant willfully and/or, with reckless indifference, violated the FLSA.

### Prayer for Relief

WHEREFORE, PREMISES CONSIDERED, the Plaintiff requests this Court to assume jurisdiction of this matter and award the Plaintiff and similarly situated employees the following damages and relief:

   A.   Grant Plaintiffs an order requiring Defendants to make the Plaintiff and similarly situated employees whole by granting any and all relief available under federal and state law, whether

specifically pled or not, and including, but not limited to: appropriate declaratory relief, back pay, compensatory damages, liquidated damages, pre-judgment interest, damages, etc.

B. Grant the Plaintiff and similarly situated employees a permanent injunction enjoining the Defendants, their agents, successors, employees, attorneys and those acting in concert with Defendants from continuing to violate the FLSA;

C. Award the Plaintiff and similarly situated employees attorney's fees, costs and expenses;

D. Plaintiff and similarly situated employees pray for such other, further or different relief as justice may require and/or which he is entitled to under either federal and/or state laws, whether specifically pled or not.

**PLAINTIFF DEMANDS A TRIAL BY JURY**

/s/ Scott Harwell
Scott Harwell (HAR198)
Counsel for the Plaintiff

**OF COUNSEL:**
HARWELL LAW FIRM LLC
109 Foothills Parkway #112
Chelsea, AL 35043
(205) 999-1099
Scott@HarwellLaw.com


**Defendants to be served via Certified Mail:**
The Habitat Company LLC
c/o Agent STEPHEN F GALLER
350 W HUBBARD STE 500
CHICAGO, IL 60654

The Habitat Company of Alabama LLC
c/o Registered Agent
C T CORPORATION SYSTEM
2 NORTH JACKSON STREET STE 605
MONTGOMERY, AL 36104